UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,　　　　　No. 08-12768

　　　　　Plaintiffs,　　　　　　　　　　District Judge Paul D. Borman

v.　　　　　　　　　　　　　　　　　　Magistrate Judge R. Steven Whalen

ANGELA A. QUEEN,

　　　　　Defendant.
　　　　　　　　　　　　　　　　　　　/

**REPORT AND RECOMMENDATION**

　　　　Before the Court is Defendant Angela Queen's Request for Hearing about Garnishment and Claim for Exemptions [Docket #21], which was referred to the undersigned Magistrate Judge on December 16, 2008.  Post-judgment objections to garnishment, as well as requests to set aside default judgment, are not pretrial matters, and therefore a Magistrate Judge referred these matters must proceed by Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(b).  *Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993); *United States v. Tyson*, 265 F.Supp.2d 788, 789 (E.D. Mich. 2003).  For the reasons set forth below, I recommend that Defendant's objection to the garnishment and her claim for exemptions be DENIED.

**I.   FACTS**

　　　　This is a student loan case.  On September 8, 2008, Plaintiff obtained a default judgment in the amount of $4,668.04, with post-judgment interest [Docket #7].  Pursuant to that judgment, Plaintiff obtained a writ of continuing garnishment on November 20, 2008 as to Defendant and garnishee Dort Federal Credit Union [Docket #18].  On December 3, 2008, the garnishee answered that it had in its possession funds belonging to

or due Defendant, in the amount of $926.11 [Docket #17]. On December 12, 2008, Defendant filed the present objections and request for hearing [Docket #21].[1]

## II.   DISCUSSION

A judgment debtor who contests a writ of garnishment bears the burden of showing he or she is entitled to an exemption. *United States v. Sawaf*, 74 F.3d 119, 122 (6th Cir. 1996). In her objections, Defendant states that she is in a difficult financial position, that she lost her job, and that she is about to lose her home.[2] However, she has not set forth any statutory exemptions with regard to the funds in the Dort Federal Credit Union.[3]

As I stated in *United States v. McGhee*, 2007 WL 4326807, *1 (E.D.Mich. 2007), "[W]hile the Court is not unsympathetic to [Defendant's] financial plight, poverty does not constitute a defense to a writ of garnishment. Further, Defendant has not set forth any basis, under either Michigan or federal law, from which this Court could conclude that the property in issue is exempt from garnishment." Likewise here, Defendant has not met her burden of showing that the funds in question are exempt from garnishment.

---

[1] On December 10, 2008, the Court entered a garnishee order assessing a 10% surcharge pursuant to 28 U.S.C. § 3811 [Docket #19]. The Order states, "On November 25, 2008 the Defendant was notified of his/her right to a hearing and has not requested a hearing to determine exempt property." To the extent that this language would suggest that the present request for hearing, filed on December 12, 2008, is untimely, I note that under 28 U.S.C. § 3205(c)(5), a judgment debtor of the United States is given 20 days *after receipt of the garnishee's answer* to file his or her request. The garnishee's answer in this case was filed on December 3, 2008; therefore, Defendant's request for hearing was timely filed under § 3205(c)(5).

[2] At the hearing on January 8, 2009, Defendant stated that her house is in foreclosure.

[3] The form for requesting a hearing contains a checklist of "major exemptions under federal law," such as Social Security benefits, veteran's benefits, certain exemptions under the bankruptcy code, etc. Defendant did not check or otherwise claim any of the listed exemptions.

At the hearing, Plaintiff's counsel indicated that the Department of Education has the discretion to waive interest, or in some cases, waive all or part of the debt based on financial hardship, if the debtor provides sufficient financial information. Counsel also stated that Defendant has been given the forms and instructions to make a request for a hardship waiver. In addition, Plaintiff appears amenable to working out a reasonable payment plan going forward. Thus, Defendant has some options to forestall possible future garnishments, and she would be well served by pursuing those options. As to her present objections, however, I find no basis to set aside the writ of garnishment.

### III.   CONCLUSION

I therefore recommend that Defendant's objections to the garnishment and claim for exemptions [Docket #21] be DENIED.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20)

pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

                          S/R. Steven Whalen
                          R. STEVEN WHALEN
                          UNITED STATES MAGISTRATE JUDGE

Dated:  January 8, 2009

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on January 8, 2009.

                          S/Gina Wilson
                          Judicial Assistant